Good morning. May it please the court. Peter Walkingshaw on behalf of the United States. When a criminal defendant commits successive offenses, the government may institute successive prosecutions and seek to impose successive punishments. When a defendant on supervised release commits a new offense and his supervised release is revoked, that revocation is a part of his earlier sentence from his earlier conviction and is not punishment for the new offense. Double jeopardy therefore does not preclude prosecution and punishment for the new offense conduct. This has been the law of this circuit for 30 years, and neither the defendant nor the district court in this case has provided adequate grounds to depart from that rule in this case. The district court therefore erred in dismissing the indictment on double jeopardy grounds, and we would ask this court to reverse that dismissal. Now, there are two issues before the court, really one from our briefs, but two from the defendant's briefs. Unless there are immediate questions on the merits of the double jeopardy question, I might just briefly address the Loper-Bright issue from the defendant's briefs. So seeing no questions, Loper-Bright is not implicated by this case for two reasons. One, while the defendant's brief does not use the phrase as applied challenge, he is challenging the SORNA as applied, and he's saying that SORNA is not applicable to individuals like him. And at this juncture, there is no factual record to support what his living situation is, whether or not various aspects of SORNA would be triggered by his living situation, and therefore we would ask the court not to consider for the first time on appeal an argument for dismissal that the district court has never had the chance to consider or develop a factual record for. And then second, Loper-Bright by its terms really only applies in situations where an agency construes an ambiguous term, and it holds that courts need to exercise their independent judgment as to whether or not that construction is the best one, but here there is no construction of an ambiguous term because the information required in registration that the defendant identifies as necessary for defendants without a fixed abode is not the Attorney General's construction of the term residence. It is a requirement that he imposes pursuant to his expressly delegated authority as part of subsection 114A7 of SORNA, which is currently codified as expressed in our briefs. Turning very briefly... Just to be clear, your first line position is that we shouldn't reach any of these issues because the district court didn't pass on them. Is that right? I think that would be the appropriate resolution of this particular issue, Your Honor. Perhaps some sort of factual record could be developed under man if the district court agrees to consider it at this late juncture in the case. I think that would be the best way to resolve that particular issue. However, if the court does decide to reach the merits of the claim, it's clear that the claim fails. Just turning very briefly to the defendant's two arguments against application of this court's precedence on double jeopardy. First, the fact that the defendant is on a lifetime term of supervised release provides really no insight into whether or not the two offenses are separate offenses. There's nothing in the double jeopardy clause, either in its text or history, that would suggest that whether or not two offenses are the same offense is to be determined by reference to the length of one of the two offenses. And furthermore, just as a purely practical matter, defendants can seek to have their supervised release terminated early in certain situations. So it's unclear why the court would need to drastically alter its double jeopardy jurisprudence to address the concern raised in the defendant's two prosecutions by purportedly separate sovereigns that turned out not to be Puerto Rico and the United States for new offenses. They were gun offenses, and each of the two governmental entities, both the federal government and Puerto Rico, both sought to institute new prosecutions. That doesn't really speak to the issue in this case as to whether or not supervised release is punishment for an earlier offense. At this juncture, I would welcome any questions from the Court. But if there are none, I would perhaps just reserve the remainder of my time for rebuttal. All right. Thank you, Counselor. Thank you, Your Honor. Good morning, Your Honors. Joan L. Thomas, appearing on behalf of Richard Whitaker. Mr. Whitaker is an elderly, homeless man with dementia who has been prosecuted for failing to register as a sex offender under SORNA while also facing imprisonment for the same offense, his failure to register after he was sent by bus from Arkansas to Las Vegas in his supervised release proceedings. The District Court here found that jeopardy applied, and I acknowledge it was an unexpected ruling, especially in light of this Court's decision in Soto-Olivias. But digging in deeper into the case, there are ample reasons why the Court's decision should be affirmed. The first is based on the finding of devil jeopardy, and then the second is based on the recent United States Supreme Court case in Loper-Bright. On the Loper-Bright issue, I'll start there since the appellant started with that issue. Loper-Bright happened after the dismissal in this case. It's a significant decision that made a very major change in jurisprudence. It's appropriately considered by this Court. By my count, since June 28th, when Loper-Bright was issued, this Court has issued 20 decisions. In a relatively short time dealing with that case, I could not identify a single case in which this Court has said we should remand this matter to the District Court for its consideration of the issue in the first instance. So even if we agree with you and everything you're saying about Loper-Bright and everything you're saying about how to read the statute, then what would follow from that is that in certain factual circumstances, there may not be the kind of registration obligation that the government thinks there is, but we don't have a factual record to evaluate whether those are the circumstances of this case or not. So why isn't it appropriate to just let the District Court resolve all those arguments in the first instance? Your Honor, I disagree with that for two reasons. The first is the supplemental excerpts of record show repeatedly the facts concerning this case, where the prosecutor sought to admit records of gambling records and homeless shelter records, different hotel records to establish residence. There's no serious legitimate dispute that Mr. Whitaker is homeless. He's transient. He does not have a regular place where he lives. But perhaps more critically, the indictment here did not charge the triggering effect that would put Sorna into action. It didn't charge that he was a student who had changed educational institutions. It didn't charge that he worked somewhere and had a change of location. And it also didn't allege that he had a place of abode, a residence, as that term is defined by Congress in the statute. And perhaps the government could go back to a grand jury and present evidence of those facts and file a new indictment alleging the elements of the offense. But here, this indictment I'm looking at the indictment now, and it just says, you know, knowingly failed to register or update a registration as required by Sorna. So do you think the indictment requires some greater specificity than that? I do, Your Honor. I believe it needs to have one of the triggering events that come into play that required change in circumstances that triggered the registration. And that would be the change of education, workplace, or having a residence. Aren't those just different means of committing one offense, and wouldn't ordinarily need to be specifically alleged in the indictment? I think that they do need to be alleged, or at least there needs to be some evidence presented on those points. But because the government had no notion that homeless or transient offenders are not covered by this statute, that record here doesn't exist. And so it would be appropriate to send this matter back, let them go back to the grand jury if they think they can come up with any evidence that Mr. Whitaker was not a person who lacked a home, who lacked a habitual place where he lived. Those facts don't exist here, but that would be a proper course. And I also dispute... I guess procedurally, I mean, why... I mean, if we reverse the dismissal of the indictment and the case will go to trial, and then they'll have to put in the evidence at the trial, what is the evidentiary requirement that you think applies at this stage? I think the indictment doesn't charge a valid offense, in that it doesn't charge any of the means of committing the offense. It doesn't charge education, workplace, or residence. And the definition of residence was not something that was delegated to the Attorney General to come up with definitions. Congress came up with the definition. The Attorney General in the SMART guidelines, which we've laid out at length, said that definition isn't broad enough. It doesn't cover this conduct. And that admission by the Attorney General in their own guidelines should be dispositive of the fact that this definition is not sufficient. And within that context, it is appropriate for this Court to look at this issue. This Court is very well equipped to determine statutory definitions. It's a de novo review. There's no precedent saying that we should remand matters back to the District Court to determine the meaning of a statute based on Congress's definitions. That is a very appropriate function for this Court. The matter has been presented to this Court, but by the Attorney General's own admission in the SMART guidelines, where it said the statutory term doesn't go far enough. We need to read in more to be consistent with Congress's intent. That may have been a permissible course of action in the past, but it's not now. It's not under Loper-Bright. It's not under the Bumpstock decision. The Supreme Court in Loper-Bright has made it clear that the Court should be interpreting statutory conditions. There are a whole host of other issues presented by separation of powers of having prosecutors writing laws that make it easier for them to put someone in prison. That was not the delegation that was done here. And even though this was not presented to the District Court, this Court is free to affirm on any basis in the record. Loper-Bright presents this Court with the opportunity to say this statute doesn't reach people who are homeless, who don't have a residence, who don't have a home. If I may briefly touch on the double jeopardy issue, unless you have additional questions on Loper-Bright. There is not, Counsel. Thank you. I respectfully submit that the Puerto Rico v. Sanchez-Vea decision provides an opportunity for this Court to look anew at the double jeopardy issue. In that case, the Court talked about the origin of authority for a prosecution and said where the origin of authority comes from the same place. In that case, as here, Congress, that jeopardy is applied not just on the elements of the offense, but on the same conduct. And here, Congress has set up two different paths for imprisonment for a person based on a SORNA violation. They've done so through SORNA and they've also done so through the supervised release conditions, which are mandatory. These are not discretionary conditions. And by setting up two different paths to send Mr. Whitaker to prison, yet again, he's been in prison nonstop, 10 years, for registration offenses through either SORNA or Arkansas or the revocation proceedings. But setting up those dual paths of sending him to prison for the single act of traveling on a bus from... But it's not for a single act, right? I mean, the whole point of Soto Alivas is that the indictment seeks to punish him for this most recent act of non-registration. The supervised release revocation is punishment for the original offense, not for the new non-registration act. So there's two different... He's being punished for two different things. I mean, that's the holding of Soto Alivas, right? I think reevaluating that under the Puerto Rico decision is warranted. And looking at the fact that the power for that second action, sending him to prison, which has been called a remedial action, it's punishment. When someone is sent to prison, that is punishment. It would not have happened here, but for the later conduct, which is also being pursued through the SORNA violation. And going back to the basics, as established in Green, a person shouldn't be required to go through two different proceedings on the same conduct, facing the same end goal of the prosecution, which is sending Mr. Whitaker to prison. And that is what happened here. Judge Mahan recognized the duplicity of those proceedings, and his judgment should be affirmed. Thank you, counsel.  Thank you. Again, for the record, Peter Walkinshaw on behalf of the United States. I'd welcome any immediate questions from the court, if there are any. Otherwise, I think I'd just make three brief points. With respect to whether or not the indictment charges a valid offense, it does. But also, this is the first time that that issue has been raised. And that's not only not in the district court, but not in briefing before this court. So we would just ask the court to deem that issue waived. With respect to whether or not the attorney general is construing the term residence when requiring information from people without fixed abodes about where they habitually reside, I would direct the court's attention to the addendum to the appellee's answering brief at pages 37 and 38, where it's clear that what the attorney general is doing is exercising the authority delegated to him or her now to request any information that they deem necessary. And with respect to Puerto Rico versus Sanchez Valle, we don't dispute that the origin of authority in both the supervised release revocation proceeding and the new indictment in this case both originate from the federal government, the United States, the same supreme authority. But the question is whether or not the punishment for what. And they punish separate offenses that occurred at separate times. And so Sanchez Valle does not provide any real basis for this court to reevaluate its decision in Soto de Vaz. So unless there are any other questions, I will happily submit. It appears not. Thank you for your time. Thank you, counsel. Thank you to both counsel. The case as argued is submitted for decision by the court. The next case, Ferguson versus Johnson, has been submitted on the briefs.
judges: RAWLINSON, MILLER, DESAI